**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., | ) | |
| 8001 Forbes Place | ) | |
| Suite 202 | ) | |
| Springfield, VA  22151 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-cv-1385 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| 935 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C.  20535-0001 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Gun Owners of America, Inc. brings this action against Defendant Federal

Bureau of Investigation ("FBI") to compel compliance with the Freedom of Information Act, 5

U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

## PARTIES

3.      Plaintiff Gun Owners of America is a California non-stock corporation with its

principal place of business in Springfield, Virginia.  Gun Owners of America is organized and

operated as a non-profit membership organization, exempt from federal income taxes under

1

Section 501(c)(4) of the Internal Revenue Code.  Gun Owners of America seeks to promote

social welfare through informing and educating the public on and conducting activities in

defense of the Second Amendment and the right to keep and bear arms.

4.       Defendant Federal Bureau of Investigation is a law enforcement bureau within the

U.S. Department of Justice, a department of the United States Government, and is headquartered

at 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535-0001.  Defendant has possession,

custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.       On March 25, 2020, Plaintiff submitted an FOIA request to the FBI via fax to

540-868-4391, because Defendant's eFOIPA portal was disabled allegedly as a result of the

COVID-19 pandemic.  *See* Exhibit A.

6.       Plaintiff's request sought records related to the operation of state Points of

Contact ("POC") within the National Instant Criminal Background Check System ("NICS")

administered by Defendant.

7.       Specifically, Plaintiff's FOIA request sought:

(a)      a copy of the "NICS Standard Operating Procedures Manual" referenced in GAO report GGD-00-56, along with any current (or updated) version of the Manual;

(b)      a copy of the "Point of Contact State Manual" referenced in GAO report GGD-00-56, along with any current (or updated) version of the Manual;

(c)      copies of any agreements, memoranda of understanding, standard operating procedures, or similar documents entered into between the FBI and various states, explaining the duties and obligations involved when the state agrees to act as a POC for the NICS system;

(d)      records setting out DOJ, ATF, or FBI authority or legal basis or other justification for revoking POC status of a state;

(e)      records demonstrating the legal authority or basis for the continuance of POC states after the implementation of the NICS system on November 30, 1998;

(f)      reports, studies, or other records describing the efficacy or lack thereof in having state POCs act as intermediaries between federal firearm licensees and the NICS system;

(g)     records discussing plans or contingencies for the NICS system and/or POCs during states of emergency, natural disasters, or similar events; and

(h)     records describing how (or if) the FBI treats, records, or denies sales based on records reported to NICS by states that do not involve any federal prohibiting factor....

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiff's FOIA requests within 20 working days of this request.  Defendant did not respond substantively.

9.      On May 21, 2020, Plaintiff's counsel received an FBI letter dated May 18, 2020, acknowledging receipt of Plaintiff's request, and assigning it Tracking Number 1463034-000. Exhibit B.

10.     The statutory deadline to respond has passed, and Defendant has failed to provide a substantive response to Plaintiff's FOIA request.  As of the date of this Complaint, Defendant has failed to produce all responsive records or assert any claims that responsive records are exempt from production.

11.     Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

12.     Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government, specifically COVID-19 related federal background check delays to purchase firearms.  Timely disclosure of the information Plaintiff seeks is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as though fully set forth herein.

14.    Defendant has failed to process and make a determination regarding Plaintiff's March 25, 2020 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15.    Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gun Owners of America requests that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

        /s/ Robert J. Olson
Robert J. Olson
(D.C. Bar No. 1029318 )
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
Dated:  May 22, 2020                    GUN OWNERS OF AMERICA, INC.